UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JONATHAN SINGLETARY,

Defendant.

18-CR-153
DECISION AND ORDER

---

The defendant, Jonathan Singletary, was indicted on July 19, 2018, and charged with two counts of obstruction of justice. Docket Item 1. The charges in the indictment stem from Singletary's trial testimony on November 29, 2017, in *United States v. Ernest Green, Rodshaun Black, et al.*, 12-CR-83(WMS). Specifically, the indictment here detailed eight instances of allegedly false and evasive testimony by Singletary at that trial.

On October 1, 2018, Singletary filed an omnibus discovery motion, a motion to dismiss the indictment based on sufficiency of the evidence, and a motion to dismiss the indictment based on vindictive prosecution. Docket Items 16 and 18. The government responded on October 15, 2018, Docket Items 20 and 21, and on October 23, 2018, the defendant replied, Docket Item 22. After oral argument on October 31, 2018, Docket Item 23, on November 14, 2018, Magistrate Judge Jeremiah J. McCarthy issued a Report, Recommendation and Order ("RR&O") denying Singletary's motion for a bill of particulars and recommending the denial of both his motions to dismiss, Docket Item 24.

On December 6, 2018, Singletary objected to Judge McCarthy's recommendation that the motions to dismiss the indictment be denied. Docket Item 25. The government responded on December 28, 2018. Docket Item 31. This Court set a January 11, 2019 deadline for filing a reply, but Singletary did not reply. On January 22, 2019, this Court heard oral argument on the objections. Docket Item 32.

For the following reasons, Singletary's objections to Judge McCarthy's RR&O are overruled, and Singletary's motions to dismiss are denied.

**Standard of Review**

The court reviews *de novo* any dispositive recommendations made by a magistrate judge to which objections are raised. Fed. R. Crim. P. 59(b)(3).

**Motion to Dismiss Based on Sufficiency of Evidence**

Singletary did not seek dismissal of the indictment for facial insufficiency. Instead, he asserted that "since all of the government's evidence of his alleged obstruction is based on his trial testimony, the issue of whether his trial testimony was false and evasive can be resolved as a matter of law by review of that testimony." Docket Item 24 at 3. Judge McCarthy disagreed with Singletary's assertion that the trial transcript disproves, as a matter of law, that Singletary testified falsely and evasively at trial. *Id.* at 4.

This Court accepts Judge McCarthy's recommendation and denies Singletary's motion for two reasons. First, the relief sought by Singletary is akin to summary judgment in a civil case—a remedy that does not exist in federal criminal procedure. As

Judge McCarthy noted, dismissal of an indictment based on insufficient evidence is appropriate only in the "extraordinarily narrow" circumstance when the government offers "what can fairly be described as a full proffer of the evidence it intends to present at trial." *Id*. at 4; *see United States v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018). Only then can the sufficiency of all the evidence fairly be tested. *See id*. Because the government has not made a full proffer of the evidence it intends to present at trial and does not concede that the evidence at trial will be limited to what is in the trial transcript, Judge McCarthy correctly recommended the denial of the motion to dismiss, and this Court accepts that recommendation.

Second, even if there were such a thing as a motion for summary judgment in a federal criminal case, such relief would not be appropriate here. Although Singletary's testimony at the underlying trial of Rodshaun Black and others might have been clearer, a fair reading of the trial transcript in that case demonstrates that Singletary indeed gave the allegedly false testimony that the indictment charges. For example, Singletary testified at the Black trial

- that Black never told him that Black shot Jabril Harper (transcript at 18)[1];

- that Black never told him about a particular weapon used to shoot Harper (transcript at 31);

- that Singletary did not know Black's co-defendant John Coronado or associate Jeffrey Early (transcript at 47),

---

[1] Citations to "transcript" are to the trial transcript in *United States v. Ernest Green, Rodshaun Black, et al.*, 12-CR-83, Docket Item 16-1.

all charged in Count One as being false.  He also admitted signing a statement and giving grand jury testimony that both were allegedly inconsistent with his trial testimony (transcript at 81-82, 18, 20, 60).  And his trial testimony suggested that his prior signed statement and grand jury testimony were the result of words being put in his mouth by investigators and prosecutors.  *See, e.g.*, transcript at 18 ("that's what the DA led me on to say"); 67 ("Q. So is it fair to state that [the difference between] your testimony previously before the grand jury . . . and your testimony today is you just repeating what law enforcement told you? A. Yes"); 81-82 "I signed [the statement] just to get out of the police department.  I didn't read it. I just sign here, sign here, sign here, and I left."); 82 ("Q. Were you asked on that form or were you aware by signing it it would be punishable by another crime [sic] for making a false statement? A. I didn't read that part. I was told that I would go to jail by [an officer.]").

As Judge McCarthy correctly observed, "[a]lthough everyone agrees that the questioning of defendant at trial could have been more clear, there are at least some portions of the transcript which support the Indictment's allegation. . . ."  Docket Item 24 at 5.  And any issues about whether those allegedly false statements were material should and will be addressed at trial.  *Id.* at 6-7.

Because there is no vehicle for the relief sought, and because even if there were, the transcript of Singletary's trial testimony supports the allegations in the indictment and therefore would be sufficient to defeat a motion for summary judgment, Singletary's objection to the RR&O is overruled and his motion to dismiss based on sufficiency of the evidence is denied.

**Motion to Dismiss for Vindictive Prosecution**

Singletary also moved to dismiss the indictment based on his claim that his prosecution is vindictive and brought to punish him for his truthful testimony at trial which embarrassed the government. Docket Item 16. Specifically, Singletary offered three reasons to believe that his prosecution is vindictive. First, he asked why, if the government believed he testified falsely or refused to answer questions, he was charged only with obstruction of justice and not with perjury or contempt. Second, he argued that the charges in the indictment are excessive because they expose him to a potential life sentence. And third, he suggested that the charges are motivated by the fact that he "seemingly embarrassed the Government with a response to questions which specifically asked him to describe promises and threats made to him by two Assistant U.S. Attorneys." Docket Item 17 at 17-18.

In recommending that the motion to dismiss for vindictive prosecution be denied, Judge McCarthy observed that Singletary had not demonstrated either actual vindictiveness or a reason to presume vindictiveness. Docket Item 24 at 8. In his objections, Singletary contends, in conclusory fashion, that he demonstrated enough at least to merit a fact-finding hearing.

This Court agrees with Judge McCarthy and disagrees with Singletary. The government's decision to charge obstruction of justice—and not perjury or contempt— does not in any way suggest a vindictive motive, and Singletary's argument to the contrary is a non-sequitur. The decision to charge certain crimes and not others does not support any nefarious motive; indeed, the government does that in many, if not

most, of the cases it prosecutes. Likewise, the argument that the potential punishment somehow makes the charges vindictive is illogical as well.

Finally, Singletary's suggestion that the charges were brought because his testimony embarrassed the prosecutors about their promises and threats is nothing more than an assertion with no support other than the defendant's *ipse dixit*. Indeed, prosecutors make promises to witnesses and threaten charges against those who violate the law every day. For Singletary's claim that the prosecutors here were embarrassed to make sense, his claim that he testified truthfully at trial must also be true—that is, the promises and threats must have been offered to get him to lie. And while he can make that argument to the jury in an effort to show that his trial testimony was the truth, that does not warrant a pretrial hearing on vindictiveness that must necessarily address the very issue that will be decided at the trial in this case.

In sum, Singletary has offered no evidence of actual vindictiveness. *See United States v. Johnson*, 171 F.3d 139 (2d Cir. 1999). And other than his bald assertion that his underlying trial testimony was true—an issue that will be determined at his trial in this case—he has offered no "'realistic likelihood' of prosecutorial vindictiveness" and therefore no reason to apply the presumption of vindictiveness. *See id.* at 141. For these reasons as well as those stated in Judge McCarthy's RR&O, Singletary's motion to dismiss for vindictive prosecution is denied.

**Conclusion**

For the reasons stated above and, in the RR&O, Singletary's motions to dismiss both are DENIED.


SO ORDERED.

Dated:     February 22, 2019
           Buffalo, New York


                                        _s/ Lawrence J. Vilardo_
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE